## BIGGERS *v.* STORY *et al.*

The judge to whom the case was submitted for decision without a jury committed error in entering judgment for the claimant and ordering the levy dismissed.

DECEMBER 13, 1912.

Claim. Before Judge Fite. Catoosa superior court. August 8, 1911.

*Maddox, McCamy & Shumate,* for plaintiff.

*H. H. Anderson,* contra.

ATKINSON, J. Error was assigned upon a judgment rendered in a claim case, which was as follows: "This case being submitted to the court upon the question whether this was a general judgment or a judgment binding only the property mortgaged, after argument had, it is considered, ordered, and adjudged by the court that said judgment is a judgment special against the property mortgaged, and binding said special mortgaged property only. It is further ordered and adjudged that the levy be dismissed, and claimants recover of plaintiff the sum of ———————— dollars and ———————— cents costs of suit." The ground of error assigned was

that the judge, to whom the case was submitted for decision without a jury, should have held that the judgment submitted to the court for construction was general and bound all the property of the defendant in fi. fa. The bill of exceptions discloses that W. E. Biggers commenced a proceeding to foreclose a chattel mortgage against A. D. Story, in the superior court. Thereafter the mortgagor filed an equitable petition against Biggers, to enjoin the foreclosure. At the trial of the case on the equitable petition the verdict was in favor of "Biggers" against "Story," and the following judgment was rendered: "Whereupon it is ordered, adjudged, and decreed that the defendant, W. E. Biggers, recover of the plaintiff, A. D. Story, the sum of $269 principal, and interest at 8% from May 3rd, 1909, and the further sum of $——— costs. That the mortgage fi. fa. proceed against the property mortgaged." The mortgaged property was subsequently sold, and failed to satisfy the debt. Execution was then issued on the judgment rendered at the trial of the equitable petition, and was levied on land as the property of defendant in fi. fa. Thereafter A. J. Story filed a claim to the land, and on the trial the judgment upon which error was assigned was rendered. The equitable petition to enjoin the mortgage foreclosure was specified in the bill of exceptions by Biggers, the plaintiff in error, as material to a clear understanding of the errors complained of, and a certified copy thereof was transmitted to this court by order of the judge. But that petition was no part of the record in the claim case, and does not appear to have been introduced in evidence, and could not be brought to the Supreme Court in the manner indicated. If introduced in evidence, its substance should have been set forth in the bill of exceptions, or by an appropriate exhibit to the bill of exceptions, or in a duly approved brief of evidence. Under the circumstances, the copy so transmitted can not be considered. The judgment set forth in the bill of exceptions as rendered on the trial of the equitable petition, which was construed in the judgment in the claim case, must, therefore, be construed without the aid of the pleadings upon which it was based. So construed, it was a general judgment, notwithstanding the direction therein given "that the mortgage fi. fa. proceed against the property mortgaged." The court erred in holding to the contrary and ordering the levy dismissed.

*Judgment reversed. All the Justices concur.*